

10 CV 9565

Martin F. Casey
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GUSTAV F. HUBENER GMBH a/s/o CAMPO
INTERNATIONAL B.V. and a/s/o W.R.
VANDERSCHOOT OF VIRGINIA, INC.,

       Plaintiff,

   - against -

M/V UNI-CORONA, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*;
EVERGREEN MARINE CORP. d/b/a
EVERGREEN LINE, *in personam*,

       Defendants.

----------------------------------------------------------------X

2010 Civ.

**COMPLAINT**

      Plaintiff, Gustav F. Hubener GmbH a/s/o Campo International B.V. and a/s/o W.R.

Vanderschoot of Virginia, Inc., by and through its attorneys, Casey & Barnett, LLC, as and for

their Complaint, allege upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, Gustav F. Hubener GmbH (hereinafter "Gustav Hubener" or

"plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

state with an office and place of business located at Grimm 12, 20457, Hamburg, Germany and

RECEIVED
DEC 2 3 2010
U.S.D.C. S.D. N.Y.
COMPLETED

is the subrogated underwriter of a consignment of flower bulbs on board the M/V UNI-CORONA, as more fully described below.

3.     At all material times, Campo International B.V. (hereinafter "Campo") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Hollandweg 22, 2665 MT Bleiswijk, the Netherlands and was the owner, consignor and/or assured of various consignments of flower bulbs laden on board the M/V UNI-CORONA, as more specifically described below.

4.     At all material times, W.R. Vanderschoot of Virginia, Inc. (hereinafter "Vander Virginia") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 3512 Business Center Drive, Chesapeake, Virginia, 23323 and was the owner, consignee and/or assured of various consignments of flower bulbs laden on board the M/V UNI-CORONA, as more specifically described below.

5.     At all material times, defendant, Evergreen Marine Corp. d/b/a Evergreen Line (hereinafter "Evergreen") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at One Evertrust Plaza, Jersey City, New Jersey 07302, who owns, operates, manages and/or charters ocean-going vessels, including the M/V UNI-CORONA, that operates between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V UNI-CORONA, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6.     Upon information and belief, at all times hereinafter mentioned, defendant, M/V UNI-CORONA (hereinafter "vessel") was and still is a vessel operated as common carrier of goods in ocean transportation for hire and upon information and belief, is now, or will be during

2

the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

7.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8.      On or about December 11, 2009, various consignments of flower bulbs, consisting of 938 boxes, laden into container number EMCU5161113, then being in good order and condition, was delivered to the M/V UNI-CORONA and to Evergreen and/or its agents at the port of Puerto Limon, Costa Rica for transportation to New York, New York in consideration of an agreed upon freight, pursuant to Evergreen bill of lading number EGLV476910035682 dated December 11, 2009 and with instructions to maintain a temperature of 15°C within the container at all times during transit.

9.      Thereafter, the aforementioned consignment was loaded aboard the M/V UNI-CORONA, Evergreen bill of lading number EGLV476910035682 was issued and the vessel sailed for its intended destination.

10.      During transit, the shipment was subjected to temperatures that were not within the instructions provided by the shipper all while in the care and custody of the defendant and/or its agents.

11.      Upon delivery of the container to the intended consignee, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered damage during transit.

12.      As a result of the damages sustained to the shipment, plaintiff sustained a loss.

13.   The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

14.   By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $87,776.00.

15.   At all times relevant hereto, a contract of insurance for property damage was in effect between Campo and/or Vander Virginia and Gustav Hubener, which provided coverage for, among other things, loss or damage to the consignment.

16.   Pursuant to the aforementioned contract of insurance between Campo and/or Vander Virginia and Gustav Hubener, monies have been expended on behalf of Campo and/or Vander Virginia to the detriment of Gustav Hubener due to the loss sustained during transit.

17.   As Gustav Hubener has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Gustav Hubener has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendants.

18.   Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE**, Plaintiff prays:

1.   *In rem* service of process be issued against the M/V UNI-CORONA, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4

2.     The M/V UNI-CORONA her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.     The Court order, adjudge and decree that defendants, EVERGREEN MARINE CORP. d/b/a EVERGREEN LINE and the M/V UNI-CORONA, be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs and;

4.     That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       December 23, 2010
       289-22

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                              By:   _Martin F. Casey_
                                        Martin F. Casey
                                        65 West 36th Street, 9th Floor
                                        New York, New York 10018
                                        (212) 286-0225